IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENID IRIZARRY, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-1955 |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF TRANSPORTATION; | : | |
| REBECCA L. BICKLEY; JOY GROSS; and | : | |
| THREE JOHN AND JANE DOES, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                November 4, 2008

    Currently pending before the Court is a Motion for Summary Judgment by Defendants Commonwealth of Pennsylvania Department of Transportation, Rebecca L. Bickley, Joy Gross, and three John and Jane Does.  For the following reasons, the Court grants the Motion for Summary Judgment for Defendants and against Plaintiff.

**I.  FACTS AND PROCEDURAL HISTORY**

    Enid Irizarry was hired by the Pennsylvania State Police in September, 1983. (Pl's. Resp. 2.)  In 1991, she transferred to the Commonwealth of Pennsylvania, Department of Transportation ("PennDOT") (Id.)  Irizarry filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Committee ("PHRC"), in September of 1997, claiming that she was demoted and subjected to a hostile work environment because of her gender and her national

origin. (Id.)  After receiving a right to sue letter in November 1998, Irizarry filed an action against PennDOT and other individuals, under case no. 98-6180. (Id.)

On September 17, 1999, while that action was pending, Irizarry was terminated from her position with PennDOT. (Id.)  Irizarry filed a grievance over her termination. (Id.) Irizarry was named as a defendant, on May 2, 2000, in a state lawsuit which alleged that while she worked for PennDot, she caused a duplicate driver's license to be issued to someone other than the person who was on the license. (Id.)  Irizarry sent a copy of the lawsuit to PennDOT requesting that it provide her with representation. (Id.)  On May 19, 2000, Irizarry was notified that the Commonwealth would not defend her in that action and that the Commonwealth would not pay any judgment on her behalf that may ultimately be entered against her based on the complaint. (Id.)

On September 12, 2000, Irizarry had a hearing on the grievance she filed over her termination. (Id.) On November 8, 2000, the arbitrator found in favor of PennDOT and upheld Irizarry' s termination. (Id.)  Subsequently, on May 31, 2001, Irizarry agreed to settle her employment discrimination action against PennDOT for the sum of $60,000.00. (Id.)  In exchange for the $60,000.00, Irizarry, through her counsel, executed a settlement agreement with a full and final release of any of all claims that Irizarry had against PennDOT. (Id.)

On June 7, 2006, the action filed against Irizarry concerning the issuance of a fraudulent license was dismissed. (Id.) On June 14, 2006, through her counsel, Irizarry submitted an application for attorney's fees and costs, pursuant to 4 Pa. code § 39. (Id. at 2-3.) On December 1, 2006, General Counsel for the Commonwealth ("PAGC") denied the application. (Id. at 3.) Irizarry filed an appeal of that decision to the Commonwealth Court of Pennsylvania.

(Id.) On October 3, 2007, the Commonwealth Court affirmed the decision of the PAGC and denied Plaintiff's request for attorney fees. (Id.)

Plaintiff filed her Complaint in the present case on April 15, 2007, claiming that her rights under Title VII, the PHRA, the United States Constitution, and Pennsylvania Constitution were violated when she was denied reimbursement of attorney's fees she paid to defend herself in a lawsuit that was filed against her while an employee of PennDOT. Defendants filed their Motion for Summary Judgment on June 17, 2008, arguing that Plaintiff's claim is barred by the release executed in May 2001.

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  For an issue to be "genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party.  Id.

On summary judgment, it is not the court's role to weigh the disputed evidence and decide which is more probative, or to make credibility determinations.  Boyle v. County of Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998) (citing Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co. Inc., 998 F.2d 1224, 1230 (3d Cir. 1993).  Rather, the court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S.

574, 587, 106 S. Ct. 1348 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).  If a conflict arises between the evidence presented by both sides, the court must accept as true the allegations of the non-moving party, and "all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

Although the moving party bears the initial burden of showing an absence of a genuine issue of material fact, it need not "support its motion with affidavits or other similar materials negating the opponent's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  It can meet its burden by "pointing out . . . that there is an absence of evidence to support the nonmoving party's claims."  Id. at 325.  Once the movant has carried its initial burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec., 475 U.S. at 586.  "There must . . . be sufficient evidence for a jury to return a verdict in favor of the non-moving party; if the evidence is merely colorable or not significantly probative, summary judgment should be granted." Arbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994), abrogated on other grounds, Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231 (3d Cir. 1999).

**III.  DISCUSSION**

Opposing Defendants' Motion for Summary Judgment, Plaintiff argues that the doctrines of collateral estoppel and *res judicata* preclude Defendants from arguing that her Title VII claim is barred by the settlement release she executed in May 2001.  In her response, Plaintiff explains the theories of collateral estoppel and *res judicata* and applies the four-part test of

collateral estoppel to the facts.[1]  (Pl. Resp. 9-12.)  However, Plaintiff misses the purpose of issue preclusion.  By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," *res judiciata* and collateral estoppel protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. U. S., 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

    Plaintiff had her opportunity to litigate this matter.  Her request for attorney fees were denied by the PAGC, pursuant to 4 Pa. Code § 39.3 (b)(2).  This Court recognizes that Defendants' motion to dismiss Plaintiff's application for attorney fees and costs on the basis of the settlement agreement was denied by the PAGC; however, the PAGC continued, in the same opinion, to deny Plaintiff's claim for legal fees.  Here, Plaintiff is bringing forth the same claim for legal fees based on the same theories that were presented and denied by the PAGC, whose decision was subsequently affirmed by the Commonwealth Court of PA.  Accordingly, we fail to see how collateral estoppel and *res judicata* apply to Defendants' argument and not Plaintiff's in this case.  Therefore, in the interest of judicial efficiency and consistency, we see no reason to deviate from the decisions of the PAGC and Commonwealth Court of Pennsylvania.

**IV.  CONCLUSION**

    Having considered all of the evidence and arguments presented, Defendants' Motion for Summary Judgment is granted.  An order follows.

---

1. The Pennsylvania Supreme Court in *Rue* recognizes four elements necessary for the application of collateral estoppel: 1) an issue decided in a prior action is identical to one presented in a later action; 2) the prior action resulted in a final judgment on the merits; 3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and 4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. Huntley v. City of Johnston, 2004 WL 627157 (W.D.Pa. March 12, 2004) (citing Rue v. K-Mart Corp., 713 A.2d 82 (Pa.1998)).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENID IRIZARRY, | : | CIVIL ACTION |
|         Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 07-1955 |
| COMMONWEALTH OF PENNSYLVANIA | : | |
| DEPARTMENT OF TRANSPORTATION; | : | |
| REBECCA L. BICKLEY; JOY GROSS; and | : | |
| THREE JOHN AND JANE DOES, | : | |
|         Defendants. | : | |

## ORDER

**AND NOW**, this *3rd* day of *November*, 2008, upon consideration of Defendants' Motion for Summary Judgment (Docket No. 9), together with Defendants' Memorandum of Law in support thereof, Plaintiff's Response and Memorandum of Law in opposition to the Motion[1] (Docket No. 10), and Defendants' subsequent Supplemental Memorandum in Support of their Motion for Summary Judgment (Docket No. 11 ), it is hereby **ORDERED** that Defendants' Motion is **GRANTED**.

**JUDGMENT IS ENTERED** in favor of all Defendants and against Plaintiff.

This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter*
RONALD L. BUCKWALTER, S.J.

---

1. Despite Plaintiff's request that Defendants' Motion for Summary Judgment be *granted* (Pl. Resp. 13), the Court thoughtfully considered their response in "light most favorable" to their argument, pursuant to FED. R. CIV. P. 56(c). Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993 (1962)); Tigg Corp. v. Dow Corning Corp., 822 F.2d 358, 361 (3d Cir. 1987).